# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MOLLY WEINGARTEN KREUZE** | * | |
| Plaintiff | * | |
| v. | * | Civil No.  **PJM 17-1169** |
| **VCA ANIMAL HOSPITALS, INC., ET AL.,** | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

This matter is before the Court on appeal from Magistrate Judge Day's Rulings on Plaintiff's Discovery Motions (ECF No. 34). On October 25, 2017, Judge Day granted in part Plaintiff's Motion to Compel Documents (ECF No. 19) and Plaintiff's Motion to Compel Defendants' Answers to Interrogatories (ECF No. 21). On November 22, 2017, Defendants filed the present appeal, objecting to Judge Day's rulings as overbroad and burdensome.

Defendants specifically object to Judge Day's ruling with respect to Document Request Number 19 and Interrogatory Number 7.

Document Request No. 19 asks for:

> Documents concerning any complaint—whether formal or informal, oral or in writing—concerning disability discrimination or failure to accommodate from January 1, 2010 to the present.

Motion to Compel at 9, ECF No. 19-1.

Interrogatory Number 7 asks for:

> 7. Identify each person who requested an accommodation for a disability or pregnancy-related condition at any VCA entity from January 1, 2010 to the present. For each such person please state:
>     a. The VCA entity/entities and location(s) at which the employee worked;
>     b. Title(s) held and job duties;
>     c. Date of hire, date of termination, and reason(s) for termination;
>     d. Reason(s) for which the person requested accommodation;
>     e. Accommodation(s) requested; and

1

f. Decision(s) by VCA regarding the request for the accommodation.

Motion to Compel Defendants' Answers to Interrogatories at 21, ECF No. 21-1.

Following full briefing by the parties and a two hour hearing, Judge Day granted the Motions to Compel, but narrowed the scope of the requests.

With respect to Document Request Number 19, he ruled that VCA must produce documents responsive to the request from January 1, 2010 to the present, and must produce documents concerning complaints from veterinarians responsible for providing patient care that may exist at SMVRC, the Region of Dr. Barnett that encompassed SMVRC, and, nationally, to the extent that any such complaints have been raised to VCA's Human Resources or other personnel at its headquarters in Los Angeles, California. Hearing Tr., p. 33 – 34, ECF No. 37.

With respect to Interrogatory Number 7, Judge Day ruled that Defendants must produce responsive information from January 1, 2010 to the present. Judge Day narrowed the scope of that information to:

- Information concerning requests for accommodation from veterinarians responsible for providing patient care;
- Information concerning such requests that may exist at SMVRC; the former Region of Dr. John Corsale; and nationally, to the extent that any such requests have been raised to VCA's Human Resources or other personnel at its headquarters in Los Angeles, California;
- For veterinarians who made such requests, VCA must also provide the following information:
    o VCA entity/entities and location(s) at which the employee worked
    o Title held and job duties
    o Date of hire and termination
    o Reason for termination for individuals who involuntarily terminated
    o Reason for which the person requested accommodation
    o Accommodation requested
    o Decision by VCA regarding the request for accommodation

Hearing Tr., pages 81 – 88, ECF No. 37.

Federal Rule of Civil Procedure 72 provides that a district judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72. Under the "clearly erroneous" standard, the reviewing court does not consider whether the

finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. Rather, "the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Matsuda*, 390 F. Supp. 2d 479, 486 (D. Md. 2005). "It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123 (D. Md. 2002).

Defendants argue that Judge Day's rulings will result in the "imposition of significant, undue burdens upon [them] in relation to ongoing discovery." EFF No. 46-2 at 2. This mere assertion does not satisfy the "clearly erroneous" standard. Indeed, Defendants point to no specific error by Judge Day in his decision. As stated, Judge Day's rulings followed full briefing by the parties and two hours of oral arguments. He crafted requests carefully tailored to the case. His rulings are not clearly erroneous and are not contrary to law.

Accordingly, Defendants' Motion to Appeal Certain Rulings of the Magistrate Judge on Plaintiff's Discovery Motions (ECF No. 46) is **DENIED**, and Judge Day's Decision on Plaintiff's Discovery Motions (ECF No. 34) is **AFFIRMED**.

A separate order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**December 20, 2017**