**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

|                                        |       |                                   |
|----------------------------------------|-------|-----------------------------------|
|                                        | *     |                                   |
| **MOLLY (WEINGARTEN) KREUZE,**         | *     |                                   |
|                                        | *     |                                   |
| **Plaintiff,**                         | *     |                                   |
|                                        | *     |                                   |
| **v.**                                 | *     | **Civil Action No.: PJM-17-1169** |
|                                        | *     |                                   |
| **VCA ANIMAL HOSPITALS, INC.,** *et*   | *     |                                   |
| *al.***,**                             | *     |                                   |
|                                        | *     |                                   |
| **Defendants.**                        | *     |                                   |
|                                        | *     |                                   |
|                                        | *     |                                   |
|                                        | *     |                                   |
|                                        | ***** |                                   |

**MEMORANDUM OPINION**

Before this Court is Defendants' Motion for Miscellaneous Relief (the "Motion") (ECF

No. 57) and the opposition thereto (ECF No. 65). The Court has reviewed the submissions and

the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the

reasons presented below, the Court DENIES the Motion.

I.      **Background**

On August 30, 2017, Defendants' counsel discovered records reflecting 14 email

communications between Plaintiff and her attorneys. ECF No. 57; ECF No. 65; ECF No. 65-3.

The communications were allegedly contained in an email account that Defendant VCA

provided to Plaintiff in the course of Plaintiff's employment. ECF No. 57; ECF No. 65. Upon

discovery, Defendants' counsel indicates that it segregated these documents and made them

inaccessible to anyone except its assigned support specialist. ECF No. 57, p. 2. Subsequently,

Plaintiff's counsel indicated that the email communications were privileged. *Id.*; ECF No. 65-3.

On January 26, 2018, Defendants' counsel filed this Motion for resolution of the privilege

disagreement.

## II.     Discussion

Defendants claim that Plaintiff waived attorney-client privilege by using an email

account which was governed by Defendant VCA's Information Systems Policy ("VCA's Policy).

ECF No. 57, p. 4; *see also* ECF No. 69-1.  VCA's Policy puts employees on notice that VCA's

email accounts are for official use and that VCA reserves the right to monitor all such accounts.

ECF No. 57, p. 3; ECF No. 69-1.[1]  In determining whether Plaintiff waived her privilege by

communicating with counsel through her work email account, the first question is whether

Plaintiff had "a reasonable expectation of privacy as to the content of the communications."

*Maxtena, Inc. v. Marks*, 2014 WL 4384551, *19 (D. Md. Sept. 2, 2014) (citing *In re Asia Global*

*Crossing, Ltd.*, 322 B.R. 247, 256–60 (Bankr. S.D.N.Y. 2005) ("the question of privilege comes

down to whether the intent to communicate in confidence was objectively reasonable." *Id.* at

258)).

To assess waiver, courts have relied on a four-factor test: (1) whether the employer has a

policy in place banning personal use; (2) whether the employer monitors the use of the

employee's use of email; (3) whether third parties have a right to access to the computer or

emails; and (4) whether the employer notified the employee, or was the employee aware, of the

policy.  *Asia Global*, 322 B.R. at 257.  For the following reasons, the factors weigh in favor of

---

[1] The Court notes that VCA's Policy provided as Exhibit 1 to Defendants' Reply to Response to
Motion (ECF No. 69) is the version of the policy from 2009 that Plaintiff acknowledged receipt
of.  Indeed, Defendants made the Court aware that the updated language provided in its Motion
(ECF No. 57, p. 3) is from 2014, but is identical in form and substance with the sole exception
being statements added addressing remote devices connected to the VCA network.  For purposes
of this Motion, the Court is proceeding with the understanding that this is the policy in place
when Plaintiff began employment with Defendant VCA.

maintaining the attorney-client privilege and DENYING Defendants' Motion.

A.  Defendant VCA's policy did not ban personal use

In addressing the first factor from *Asia Global*, the Court must first look to the language

of VCA's Policy regarding personal use.  VCA's Policy, provided to the Court by Defendant,

states that "incidental personal or non-business use of the Systems should be *kept to a minimum*."

ECF No. 57; ECF No. 65; ECF No. 69-1 (emphasis added).  Reading the language as written, the

Court is convinced that VCA's Policy does not affirmatively ban personal use by its employees.

Indeed, the language as written directly acknowledges that personal or non-business use of the

Systems will occur, and encourages its employees to keep that usage to a minimum.  *See, e.g.*, *In*

*re High-Tech Emp. Antitrust Litig.*, No. 11-CV-2509-LHK-PSG, 2013 WL 772668 (N.D. Cal.

Feb. 28, 2013) ("[The employer] perhaps did not expect the type of use that [the employee]

engaged in when it added [such a] qualification, but the court cannot say that its policy

represents an all-out ban on personal use.").  *Id.* at *6.  As such, the Court finds that the first

factor weighs in favor of protecting the attorney-client privilege.

B.  Defendants failed to provide adequate evidence of active monitoring of employee's
use of email

The Court is convinced that Defendants did not actively monitor Plaintiff's email account

during or after her employment.  In addressing Defendant VCA's right to monitor its systems,

VCA's Policy states the following:

> In other words, messages on these systems are not to be considered private.  If
> you would not put a statement in a written memo for public viewing, you should
> not transmit that statement through VCA's systems.  By using VCA's Systems,
> and as a term and condition of employment, all VCA Employees acknowledge
> and consent to VCA's right to access, monitor, review, intercept and/or disclose
> any and all data (transmitted to or from, stored in or deleted) from the Systems, at
> any time, with or without notice, and for any purpose.

ECF No. 69-1, p. 3.  Defendant argues that the presence of this policy, making its employees

aware that VCA retains the right to monitor, warrants a finding that Defendant VCA did in fact

monitor its systems.  ECF No. 57, p. 5.  However, Defendant VCA fails to provide any evidence

that it actively monitored its systems during or after Plaintiff's employment.  Indeed, Plaintiff

correctly points to a number of courts that have opined that the ability of an employer to monitor

an employee's communication is not sufficient to waive attorney-client privilege; instead,

evidence of actual monitoring is needed.  ECF No. 65, p. 7.  While Plaintiff provides case law

that is not mandatory precedence, the Court finds these decisions persuasive, especially

considering that Defendants provide nothing in the way of countervailing case law.  *See id.* at 6–

7.[2]  As such, the Court's inability to identify any evidence from Defendants showing active

monitoring of Plaintiff's emails, both during and subsequent to her employment, tips the scales

in favor of maintaining the privilege.

> C. The Court finds that the third factor of whether there is third party access to
>    employee's emails does not favor either party, rendering the third factor neutral

The third factor that this Court must weigh is whether third parties have a right to access

an employee's computer or emails.  In looking to Defendants' Motion, the Court is unable to find

evidence that third parties had access to Plaintiff's email.  The Court is persuaded by Plaintiff's

argument that the mere presence of a policy does not impart upon the employee the presence of

third party access.  ECF No. 65, p. 7 (citing *Sprenger v. Rector & Bd. of Visitors of Virginia*

*Tech*, Civ. A. No. 7:07-CV-502, 2008 WL 2465236 (W.D. Va. June 17, 2008) (finding that the

---

[2] Indeed, even when citing a case where privilege was not protected, the court's finding was based on a policy which "clearly stated that [the employer] **would** audit, inspect, and/or monitor employees' use of the Internet. . . Therefore, regardless of whether [the employee] subjectively believed that the files he transferred from the Internet were private, such a belief was not objectively reasonable after [the employer] notified him that it **would be** overseeing his Internet use." *United States v. Simons*, 206 F.3d 392, 398 (4th Cir. 2000) (quotations removed; emphasis added).  Instead, VCA's Policy states that Defendant reserves the right to monitor without any indication that it would in fact do so.

policy was unclear as to third party right of access).[3]

Defendants assert that a subset of people within VCA's corporate headquarters had access to all Defendant SMVRC's employee email accounts. The Court is not persuaded that access by these employees equates to a third party right of access. However, assuming *arguendo* that Defendants' assertion is correct, the Court is not convinced that this factor standing alone justifies a finding of waiver. *See, e.g.*, *High-Tech*, 2013 WL 772668, at *7 (finding that when the "*Asia Global* factors are evenly split, the court finds that the importance of the attorney-client privilege as well as the lack of evidence that [the employer] in fact monitored [employee's] emails supports the preservation of the privilege in this case.").[4] Instead, the Court finds that regardless of whether the policy gave third parties the right to access employee's email accounts the importance of the attorney-client privilege supports the preservation of such privilege.

D. The Court is persuaded that Plaintiff's acknowledgment of the Information Systems Policy did not constitute waiver

The final factor from *Asia Global* that the Court must weigh is whether the employer notified the employee, or whether the employee was aware, of the use and monitoring policies. Defendants' argument rests almost entirely on their assertion that as a result of Plaintiff acknowledging receipt of VCA's Policy in June, 2009,[5] Plaintiff had no reasonable expectation

---

[3] The Court notes that although *Sprenger* does not establish precedence, the facts of the case here mirror those in *Sprenger*. Additionally, the Court notes both Plaintiff's and Defendants' use of *Sprenger* as persuasive case law regarding the issue of privilege while using an employer's computer systems.

[4] The court in *Bingham v. Baycare Health System* disagreed with the court in *High-Tech* in finding that actual monitoring was not needed where an employer reserved the right to access and monitor. Case No: 8:14-CV-73-T-23JSS, 2016 WL 3917513, *4 (M.D. Fl. July 20, 2016). However, *Bingham* is distinguishable from the case at hand as the language in the policy in *Bingham* reflected an explicit ban on personal use, as well as an admission from the employee of awareness of the policy. The language from VCA's Policy does not explicitly ban personal use, and Plaintiff argues that she was not aware of the policy in place.

[5] Plaintiff does not dispute that she signed Defendants' document acknowledging receipt of VCA's Policy.

of privacy in her use of the email account. *See* ECF No. 57; ECF No. 69-2. However, Defendants do not claim that they took affirmative steps to inform employees of the policies in place, besides providing a copy of VCA's Policy. While the Court is cognizant of the fact that Defendants are under no obligation to require employees to acknowledge VCA's Policy on a regular basis, a majority of courts addressing this issue have found that an employee's awareness is much easier to determine if they are required to acknowledge the policy on a regular basis. *See, e.g.*, *Sprenger*, 2008 WL 2465236, at \*2 (citing *United States v. Etkin*, 2008 WL 482281 (S.D.N.Y. Feb. 20, 2008), where privilege was not upheld upon a finding that "the log-in screen notified the defendant that by logging in, he accepted the terms of the notification, which provided for the monitoring of the computer and further notified users that they had no legitimate expectation of privacy in any use of the computers."). The only controlling case on this issue, *United States v. Hamilton*, did not protect the privilege on the basis that the "[employee] had to acknowledge the policy by pressing a key to proceed to the next step of the log-on process, every time he logged onto his work computer." 701 F.3d 404, 408 (4th Cir. 2012). While the Court is loath to overlook Plaintiff's "Acknowledgment of Receipt of Employee Handbook and of At-Will Employment" (ECF No. 69-2) upon the start of her employment, the Court is persuaded by Plaintiff's attestations that the acknowledgment was signed in 2009, close to five years prior to the sending of the emails. Defendants do not provide any other evidence supporting a claim of awareness, and the Court is unwilling to breach attorney-client privilege on Defendants' singular claim of awareness in 2009. Assuming *arguendo* that Plaintiff was aware of VCA's Policy, the Court is comfortable preserving the attorney-client privilege on public policy grounds, specifically due to the importance of the attorney-client privilege in conjunction with the weight of the first two *Asia Global* factors in favor of Plaintiff.

E. The Court finds Plaintiff's arguments regarding timeliness moot considering the aforementioned denial.

In light of the Court's decision to deny Defendants' Motion on the basis of substance, the

Court does not find it necessary to address Plaintiff's procedural arguments regarding the

timeliness of the filing. Accordingly, said argument is rendered moot.

## III. Conclusion

For the foregoing reasons, Defendants' Motion is DENIED.

April 20, 2018                                             /s/
                                              Charles B. Day
                                              United States Magistrate Judge

CBD/gbc