IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **MOLLY (WEINGARTEN) KREUZE,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: PJM-17-1169 |
| **VCA ANIMAL HOSPITALS, INC.,** *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Before this Court is Plaintiff's Motion to the Magistrate for Reconsideration of his March 22, 2018 Ruling on Defendants' Updated Privilege Log (the "Motion") (ECF No. 82) and the opposition thereto (ECF No. 88). The Court has reviewed the submissions and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS the Motion.

**I.    Background**

On August 16, 2017, Defendants produced at least 1,285 pages of documents to Plaintiff. Within the production, Defendants disclosed, allegedly inadvertently, a privileged communication from SMVRC Hospital Manager Kimberly Pascal White (the "Pascal White Email") embedded in an email written by VCA Workers' Compensation Specialist Reyna Perera. ECF No. 82, p. 2; ECF No. 88, p. 2. The parties agree that the email written by Reyna Perera on April 15, 2015 contained the Pascal White Email written March 26, 2015. ECF No. 82, p. 2;

ECF No. 88, p. 2. Ms. Perera's email containing the Pascal White Email was marked as Exhibit 33 during Ms. Pascal White's October 18, 2017 deposition.[1] At the deposition, Plaintiff attempted to question Ms. Pascal White about the email correspondence. ECF No. 82, p. 3. Counsel for Defendants then indicated that Exhibit 33 was a privileged document and had been inadvertently disclosed. ECF No. 82-3, p. 6; ECF No. 88, p. 2. Counsel for Defendants advised Ms. Pascal White not to answer any questions pertaining to the content of the Pascal White Email, as well as indicating that Exhibit 33 could stay in the record without waiving privilege. ECF No. 82-3, p. 6.

On October 25, 2017, the Court ordered Defendants to provide a revised privilege log and submit disputed documents for *in camera* review. ECF No. 34. Defendants submitted said disputed documents to the Court on November 13, 2017, with the Pascal White Email marked as privileged at Entries 14, 38, 120, and 286, and Ms. Perera's email designated as privileged at Entry 123.[2] On March 20, 2018, the Court ruled that Entry 14, 38, 120, 286, as well as 123, were privileged communications. In her Motion, Plaintiff now asks that the Court find that Exhibit 33 is not a privileged document, and that even if it were, Defendants waived the privilege through inaction. ECF No. 82.

## II. Discussion

Plaintiff claims that Exhibit 33, and the Pascal White Email specifically, is not a

---

[1] The Court recognizes Plaintiff's reference to documents bates numbered VCA 001811-13 and VCA-001985-87 as the email correspondence included in Exhibit 33. The Court, having reviewed said documents for privilege, understands such documents to be included in Defendants' November, 2017 privilege log as Entries 123–27. For purposes of this decision, any reference to the disputed document will be identified as Exhibit 33 or by its privilege log entry number.

[2] The Court notes that the privilege log provided by Defendants on November 13, 2017 differs from the September, 2017 privilege log that Defendants reference in their opposition. As such, the Court references only the November privilege log provided as Attachment B to Defendants' opposition. ECF No. 88-2.

2

privileged document, and that even assuming Exhibit 33 is privileged, Defendants waived such privilege by failing to take action to protect the claimed privilege. ECF No. 82, p. 2. The Court finds that while the Pascal White Email is a privileged communication, Exhibit 33 is not. Accordingly, for the following reasons, the Court GRANTS Plaintiff's Motion.

Plaintiff correctly asserts that the attorney-client privilege applies "only where the communications were made 'primarily for the purpose of [seeking or] securing legal advice.'" ECF No. 82, p. 6 (citing to *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398, 410 (D. Md. 2005). The court in *Neuberger*, which both parties rely upon, laid out the different views that courts take in applying the attorney-client privilege, from "[requiring] that the claimant demonstrates that the communication would not have taken place 'but for' the need for legal advice" to "[applying] the privilege to communications intended to keep counsel abreast of business matters." *See Neuberger*, 230 F.R.D. at 410. "Although the Fourth Circuit has not explicitly adopted one approach, the 'but for' formulation is more consistent with the Fourth Circuit's narrow interpretation of the attorney-client privilege." *Id.* (citing to *In re Grand Jury Proceedings*, 727 F.2d 1352, 1355–56 (4th Cir. 1984)). Indeed, the court went on to state that "the communication between a client and a lawyer must be for the purpose of requesting legal advice. While not the sole purpose for such communication, it must be the primary purpose." *Neuberger*, 230 F.R.D. at 410–11 (relying on the court's decision in *U.S. v. Cohn*, 303 F. Supp. 2d 672 (D. Md. 2003)).

Defendants correctly assert that the law is well-settled that the "attorney-client privilege applies to 'in-house' counsel just as it would to any other attorney." *Neuberger*, 230 F.R.D. at 411. However, Plaintiff is also correct in stating that "where business and legal advice are intertwined, the legal advice must predominate for the communication to be protected." *Id.*

Indeed, "communications between corporate counsel and company personnel are privileged so long as the information is relayed for the purpose of obtaining legal advice." *F.C. Cycles Intern., Inc. v. Fila Sport, S.p.A.*, 184 F.R.D. 64, 70–71 (1998) (citing *Upjohn v. United States*, 449 U.S. 383, 394–95, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981)). In fact, "the communications retain their privileged status if the information is relayed from a non-lawyer employee or officer to other employees or officers of the corporation on *a need to know* basis." *F.C. Cycles*, 184 F.R.D. at 71 (emphasis added). While the Court is persuaded that the email correspondence written by Ms. Perera is not a privileged communication, the Court notes that if standing alone, the Pascal White Email is a privileged communication.

Plaintiff rightly suggests that the email chain containing Ms. Perera's email was made for business purposes only, with no communications indicating that action was taken by or sought from in-house counsel for legal advice. Accordingly, the Court ruled in a prior order that the email chain at issue, presented at privilege log entries 124-127, was not a privileged communication. *See* ECF No. 71; *see also* ECF No. 88-2, Attachment B. However, the Pascal White Email standing alone was written with the main purpose of legal advice. Exhibit 33, with the Pascal White Email embedded within it, is not a privileged document, as Ms. Perera's email was not made for a legal purpose, but instead was made primarily for business purposes. Ms. Perera has the ability to waive a claim of privilege by disclosing such communications to other employees "who do not need the information." *F.C. Cycles*, 184 F.R.D. at 71 (citing to *In re Grand Jury*, 758 F. Supp. 1411, 1412 (D. Colo. 1991) ("Only when the communications [between corporate counsel and company personnel] are relayed to those who do not need the information to carry out their work or make effective decisions on the part of the company is the privilege lost."). Indeed, the email chain in which Ms. Perera's email is contained is a dialogue

between human resources professionals, with no indication that the Pascal White Email was necessary to carrying out their work. Accordingly, although the Pascal White Email standing alone retains its privileged status, the Court is persuaded that Ms. Perera's email is not.

For the reasons stated above, the Court finds that Exhibit 33 is not a privileged document, and as such should be disclosed to Plaintiff.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion is GRANTED.

May 23, 2018                                                    /s/
                                                        Charles B. Day
                                                        United States Magistrate Judge

CBD/gbc