# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MOLLY WEINGARTEN KREUZE,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **Civil Action No. PJM-17-1169** |
| | * | |
| **VCA ANIMAL HOSPS., INC.,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

******

## MEMORANDUM

Pending before the Court is Plaintiff Molly Weingarten Kreuze's filing in support of her request for attorneys' fees and expenses, ECF No. 142, submitted in response to this Court's orders awarding Plaintiff sanctions pursuant to her two Motions for Sanctions. ECF Nos. 51, 128. Pursuant to 28 U.S.C. § 636, and Local Rule 301, the Honorable Peter J. Messitte referred this matter to the undersigned for all discovery related purposes. The Court has reviewed Plaintiff's filing, as well as Defendants' opposition thereto. No hearing is deemed necessary. Loc. R. 105.6 (D. Md.). For the reasons stated herein, the Court will award attorneys' fees to Plaintiff in the amount of $30,157.50 and costs in the amount of $1,673.00.

## I.      Factual and Procedural Background

Plaintiff commenced the underlying proceeding on April 27, 2017. Pl.'s Compl., ECF No. 1. In her complaint, Plaintiff alleged that Defendants VCA Animal Hospitals, Inc. ("VCA") and VCA Southern Maryland Veterinary Referral Center ("SMVRC") (collectively "Defendants") discriminated against her because of her disability and refused to accommodate her as required under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

Pl.'s Compl. 9-11. After receiving Plaintiff's Rule 34 discovery requests, Defendants served their response and objected to certain categories. Plaintiff found these responses to be insufficient and ultimately filed a motion with this Court pursuant to Rule 37 of the Federal Rules of Civil Procedure seeking to compel Defendants to respond or supplement their responses. Pl.'s Mot. to Compel, Sept. 18. 2017, ECF No. 19. On October 25, 2017, this Court granted Plaintiff's Motion to Compel in part and ordered Defendants to comply with the discovery requests as outlined during the hearing. *See* Paperless Order ("Order to Compel"), ECF No. 34. On November 22, 2017, Defendants appealed the Order to Compel to Judge Messitte. Mot. to Appeal Certain Rulings, ECF No. 46. Judge Messitte denied Defendants' appeal on December 21, 2017. Mem. Op., Messitte, J., ECF No. 49; Order, Messitte, J., ECF No. 50. According to Plaintiff, despite this Order to Compel and Judge Messitte's ruling upholding it, Defendants still did not fully comply with the discovery requests.

On January 2, 2018, Plaintiff filed her first motion for sanctions ("Plaintiff's First Motion for Sanctions") pursuant to Rule 37, seeking an order from this Court sanctioning Defendants for their failure to obey this Court's Order to Compel and awarding Plaintiff attorneys' fees and costs. Pl.'s 1st Mot. for Sanctions, ECF No. 51. After this motion was fully briefed, but before this Court could hold a hearing on the matter, Plaintiff filed a second motion for sanctions ("Plaintiff's Second Motion for Sanctions") pursuant to Rule 37, seeking additional sanctions against Defendants for their alleged "failure to timely produce adequate discovery, their ill-timed 'document dump' on the eve of depositions, and failure to prepare corporate designees . . . ." Pl.'s 2d Mot. for Sanctions 2, July 27, 2018, ECF No. 128. On July 31, 2018, Defendants filed a motion to continue the hearing for Plaintiff's First Motion for Sanctions until after the Second

Motion for Sanctions was briefed. ECF No. 130. On August 2, 2018, this Court granted Defendant's request, postponing a hearing until both motions were fully briefed. ECF No. 132.

On September 13, 2018, this Court heard oral arguments for both of Plaintiff's Motions for Sanctions. ECF No. 140. After reviewing the parties' filings and hearing arguments from both sides, this Court granted Plaintiff's First Motion for Sanctions in full and granted Plaintiff's Second Motion for Sanctions in part. Paperless Order, ECF No. 138; Paperless Order, ECF No. 139. As discovery had already closed in the matter, the Court ruled that Plaintiff would be awarded attorneys' fees and costs as follows: For Plaintiff's First Motion for Sanctions, the Court awarded Plaintiff reasonable attorneys' fees and costs incurred seeking Defendants' compliance with this Court's Order to Compel for the period beginning November 25, 2018. *See* Sept. 13, 2018, Hearing Tr. ("Hearing Tr.") 47:7-48:3, ECF No. 141. This included reasonable fees and costs associated with drafting and filing Plaintiff's First Motion for Sanctions and preparing for and conducting arguments during the subsequent hearing. *See id.* at 47:23-25. In granting Plaintiff's Second Motion for Sanctions, the Court awarded the following:

1. Costs related to the January 25, 2018, deposition of Dr. David Michael Barnett;

2. Costs and attorneys' fees related to the March 12, 2018, deposition of Maria Druse, reduced by 50%;

3. Attorneys' fees related to Plaintiff's document review of the newly produced discovery by Defendant between January 18, 2018, and January 26, 2018, reduced by 50%;

4. Costs related to Plaintiff's efforts to serve Michael Lofton, subject to Defendants' showing of when they knew that Mr. Lofton's address had changed and when it communicated that information to Plaintiff.

*See id.* at 82:7-90:25.[1]  This award also included reasonable fees and costs associated with drafting and filing Plaintiff's Second Motion for Sanctions and preparing for and conducting arguments during the subsequent hearing.  *See id.* at 83:18-84:1.  The Court gave Plaintiff ten (10) days by which to submit an affidavit in support of the amount of fees and costs that she sought to be awarded.  The Court also gave Defendants ten (10) days to submit any opposition.

On September 24, 2018, Plaintiff submitted her request for fees through an affidavit by her counsel and several exhibits to support her request (collectively "Pl.'s Req.").  *See* Aff. of Jonathan C. Puth ("Puth Aff.") in Support of Pl.'s Req. for Fees & Costs, ECF No. 142.  In her request, Plaintiff seeks to recovery attorneys' fees in the amount of $35,645.00 and costs in the amount of $2,173.00.  *Id.* at ¶¶ 26-27.  In their response to Plaintiff's Request, Defendants assert that "certain time expended by Plaintiff's attorneys is excessive, unnecessary, and duplicative, is clerical or administrative in nature, or is otherwise non-compensable . . . ."  Defs.' Opp'n to Pl.'s Req. 2, ECF No. 145.  In light of this, Defendants argue that Plaintiff should receive at most $22,335.00 in fees and $1,673.00 in costs.[2]  *Id.* at 8-9.

## II.    Legal Standard

Under Rule 37 of the Federal Rules of Civil Procedure, a party may seek sanctions against another party for failing to comply with a court's discovery order.  If a court finds that a party did fail to obey the discovery order, Rule 37(b) lists the sanctions a court may impose on that party, which include: directing that the matters covered by the order be taken as established

---

[1] The reduction in some of the amounts awarded was due to Plaintiff's failure to bring a timelier motion.  *See id.* at 81:25-82:6.

[2] Defendants do not give a specific revised amount of costs that they believe should be reimbursed to Plaintiff.  The Court calculated this number from the fact that Defendants argued and submitted an affidavit in support of their position that Plaintiff should not recover any costs in relation to her attempts to serve Mr. Lofton with a subpoena.  Defs.' Opp'n to Pl.'s Req. 8 n.4.  Defendants made no other argument in relation to the costs Plaintiff claims to have incurred.

4

for purposes of the action; prohibiting the non-compliant party from proceeding on certain theories or introducing certain evidence; dismissing the action in whole or part; and treating the failure to comply as contempt of court. Fed. R. Civ. P. 37(b)(2)(A). Regardless of whether the court imposes one of the enumerated sanctions, it must award reasonable attorneys' fees to the prevailing party "unless the failure [to comply] was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also Stephens v. U.S. Bank Nat'l Ass'n*, Civ. A. No. DKC-15-1780, 2017 WL 1832202, at *3 (D. Md. May 8, 2017) (awarding "reasonable expenses caused by Plaintiffs' failure to comply with the discovery order or appear at their depositions").

In calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008) (same); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, No. MJG-06-2662, 2016 WL 1597119, at *14 (D. Md. Apr. 20, 2016) (same). The Fourth Circuit has further identified factors that a court is to use as a guide when determining what is "reasonable":

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009) (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.1978)).

In order to recover for attorney's fees, counsel must submit appropriate materials supporting his or her claim. This typically includes billing records and affidavits regarding the services provided. Since reasonableness is the touchstone for the award of fees, the party seeking the award of fees bears the burden of proof and "must provide 'detailed records' that specify 'the services performed, by whom they were performed, the time expended thereon, and the hourly rate charged.'" *Bel Air Plaza Ltd. P'ship v. Ross Dress for Less, Inc.*, Civ. No. CCB-14-2533, 2016 WL 3440191, at *1 (D. Md. Jun. 23, 2016) (citing *Rauch v. McCall*, 134 Md. App. 624, 639 (2000) [citation omitted]). When a claim for attorney's fees is filed in the federal court in Maryland, there is an extra layer of complexity arising from the Court's adoption of its Guidelines as enumerated in Appendix B of the Local Rules. The Guidelines address the format for filing the fee request, the recording of time and the submission of quarterly statements. They also provide direction regarding what is compensable and non-compensable time. For the convenience of counsel, these Guidelines list a presumptive range of reasonable hourly rates. *Gonzales v. Caron*, Civ. A. No. CBD-10-2188, 2001 WL 3886979, at *2 (D. Md. Sept. 2, 2011) ("[G]enerally this Court presumes that a rate is reasonable if it falls within these ranges."). Once a fee request is submitted, it becomes the responsibility of the party challenging the request to articulate the areas where an award would be inappropriate. "[T]he Court will not review any challenged entry in the bill unless the challenging party has identified it specifically and given an adequate explanation for the basis of the challenge." *Thompson v. U.S. Dept. of Hous. and Urban Dev.*, No. Civ. A. MJG-95-309, 2002 WL 31777631, at *10 (D. Md. Nov. 21, 2002).

## III.     Analysis

To support Plaintiff's request, the Puth Affidavit details the efforts spent pursuing Defendants' compliance with this Court's Order to Compel. Additionally, exhibits with time entries of tasks broken down into areas of litigation and receipts for various costs incurred for

delivery and transcript services were included. *See* ECF No. 142. The Court finds Plaintiff complied with the Guidelines' requirements for formatting her request and has provided details necessary to justify the amount requested. Accordingly, this Court will turn to reviewing the reasonableness of her request and the specific challenges raised by Defendants.

### A.    Lodestar Amount

### i.    Reasonable Hourly Rate[3]

Plaintiff seeks compensation for attorneys' fees according to the following rates: Jonathan C. Puth, who has over 25 years of experience, at a rate of $475.00/hour; Andrew M. Adelman, who has approximately 5 years of experience, at a rate of $225.00/hour; and law clerks at a rate of $150.00/hour.[4] Puth Aff. ¶¶ 2, 6, 15. In his affidavit, Mr. Puth discusses in detail the qualifications and experience of the attorneys representing Plaintiff. *Id.* at ¶¶ 2-7. He also goes to great lengths to outline his firm's usual rates of compensation, the standard rates of compensation used in other district courts, as well as his reasoning for why those higher rates are actually reasonable rates of compensation in today's market. *Id.* at ¶¶ 9-15. Despite this, Plaintiff seeks reimbursement at the rates outlined in the Guidelines. Defendants do not dispute the rates requested. Defs.' Opp'n to Pl.'s Req. 2.

As there is no dispute between the parties and the rates are drawn from the Guidelines, the Court finds them to be reasonable. *See Gonzales*, 2001 WL 3886979, at *2. The Court recognizes that Plaintiff's requested rates represent a reduction of her attorneys' typical rates. The Court is nonetheless of the view that the Guidelines are appropriate and more representative

---

[3] The following section focuses on two of the *Robinson* factors: factor 5 - "the customary fee for like work;" and, factor 9 - "the experience, reputation and ability of the attorney[s]." *Robinson*, 560 F.3d at 243.

[4] The time entries included with Plaintiff's request do not contain references to "law clerks" but rather "paralegals." In any case, the amount requested is within the range outlined in the Guidelines.

of a broader range of fees charged by practitioners appearing in the federal court in Maryland. Accordingly, the hourly rates of compensation as outlined in the Puth Affidavit are approved.

### ii. Reasonable Hours Expended[5]

The Court now turns to the difficult task of assessing the reasonableness of the number of hours expended by Plaintiff's counsel. "Calculating attorneys' fees is indeed a difficult task for a court, requiring the judge to second guess, based on imperfect information, the time expended by the attorneys." *Kabore v. Anchor Staffing, Inc.*, No. Civ. L-10-3204, 2012 WL 5077636, at *1 (D. Md. Oct. 17, 2012).

Plaintiff seeks compensation for the following hours:

---

[5] In addition to Defendants' objections, the Court considered the follow factors while reviewing the reasonability of the hours Plaintiff expended on each task:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; . . . (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; . . . (10) the undesirability of the case within the legal community in which the suit arose . . . .

*Id.* The Court does not see factors 8 and 11 as having any significant bearing on this attorneys' fees determination considering the underlying proceeding is ongoing before Judge Messitte.

| Sanction | Timekeeper | Hourly Rate | Hours | Multiplier | Total |
|---|---|---|---|---|---|
| Fees to prompt responses to J. Day's Order, after 11/25/17 | JCP | 475 | 0.40 | 1 | $190.00 |
| | AMA | 225 | 0.70 | 1 | $157.70 |
| 1/18/18-1/26/18 review of new discovery | JCP | 475 | 6.60 | 0.5 | $1,567.50 |
| | AMA | 225 | 8.60 | 0.5 | $967.50 |
| Plaintiff's 1st Motion for Sanctions | JCP | 475 | 11.00 | 1 | $5,225.00 |
| | AMA | 225 | 13.80 | 1 | $3,105.00 |
| | Paralegal | 150 | 1.10 | 1 | $165.00 |
| Maria Druse Deposition | JCP | 475 | 14.00 | 0.5 | $3,325.00 |
| | AMA | 225 | 1.00 | 0.5 | $112.50 |
| Plaintiff's 2nd Motion for Sanctions | JCP | 475 | 14.80 | 1 | $7,030.00 |
| | AMA | 225 | 36.20 | 1 | $8,145.00 |
| | Paralegal | 150 | 1.90 | 1 | $285.00 |
| Court Hearing | JCP | 475 | 9.60 | 1 | $4,560.00 |
| | AMA | 225 | 3.60 | 1 | $810.00 |
| **Total** | | | 123.30 | | **$35,645.00** |

Puth Aff. ¶ 26. As previously stated, Plaintiff included with her request an exhibit with the time entries detailing information concerning the hours billed. *See* Time Entries for Pl.'s Req. Hours ("Pl.'s Req. Hours"), ECF 142-1 Exhibit A. Mr. Puth attests that he personally reviewed these time entries, "exercised billing judgment to eliminate duplicative or possibly inefficient time," and "followed the guidance of Appendix B of the Local Rules for charging time associated with attorney conferences, multiple attorneys at proceedings, and travel time." Puth Aff. ¶ 18. In support of this assertion, Plaintiff also included with this request an exhibit detailing the eliminated time entries with information concerning the tasks completed. *See* Time Entries for Pl.'s Eliminated Hours ("Pl.'s Eliminated Hours"), ECF 142-2 Exhibit B. In opposition to Plaintiff's request, Defendants submit a memorandum of law outlining their objections to the hours billed.

The Court has reviewed Plaintiff's request and Defendants' opposition in light of the underlying circumstances of this motion, the Local Rules and relevant case law. For the

following reasons, the Court will reduce the amount of hours awarded to Plaintiff by 6.35 for Mr. Puth, 9.05 for Mr. Adelman at the attorney rate and 2.90 for Mr. Adelman at the paralegal rate.

### 1. Hours Expended on Plaintiff's Two Motions for Sanctions

Defendants' main opposition to Plaintiff's request is that the number of hours Plaintiff's attorneys expended on the two motions for sanctions was unreasonable. Defs.' Opp'n 3. In support of this contention, Defendants raise several points: First, Defendants argue that as a senior attorney, Mr. Puth put in "too many hours" on "straight-forward" motions, specifically identifying the hours he expended on the first motion for sanctions. *Id.* Defendants also argue that too many hours were expended by both attorneys "drafting and redrafting" the second motion for sanctions. *Id.* at 5. According to Defendants, neither motion presented any novel or difficult issues and therefore the time expended was excessive. *Id.* at 3, 5. Second, Defendants argue that Mr. Puth billed for research that he conducted for both motions which should have been conducted by Mr. Adelman as he is the junior associate with the lower billing rate. *Id.* at 4-5. Defendants also note that some of the research for the second motion was "duplicated" as Mr. Adelman also billed for research he conducted during that time period. *Id.* Third, Defendants argue Mr. Puth "block billed" his time on certain dates making it "impossible to determine how much time he actually spent" on certain tasks like researching, for which Defendants assert Plaintiff should not be compensated at Mr. Puth's rate. *Id.* As a result of these deficiencies, Defendants argue the number of hours Plaintiff should be awarded should be reduced as follows:

- Mr. Puth's time on both of Plaintiff's motions for sanctions (a total of 25.8 hours) should be reduced by 50%. These deductions would result in a reduction of 12.9 hours to Mr. Puth's time.

- Mr. Adelman's time on Plaintiff's second motion for sanctions (a total of 36.2 hours) should be reduced by 50%. This deduction would result in a reduction of 18.1 hours to Mr. Adelman's time.

*Id.* at 5-6.

a.  Plaintiff's First Motion for Sanctions

Beginning with the amount of time expended by Mr. Puth on Plaintiff's First Motion for Sanctions, the Court agrees that the number of hours billed by Mr. Puth appear to be unreasonable.  In total, Mr. Puth spent 10.4 hours researching, reviewing, and editing Plaintiff's First Motion for Sanctions and the reply to Defendants' opposition.  However, the motion itself is straight-forward in nature, requiring at most a review of what had been produced and what had yet to be produced by Defendants at the time.  The Court also agrees that where there is a more junior attorney assigned to a case it is reasonable to expect that research will be completed by that attorney.  *See McManama v. Lukhard*, 464 F. Supp. 38, 43 (W.D. Va. 1978), *aff'd and remanded*, 616 F.2d 727 (4th Cir. 1980) ("The court is of the opinion that a lower rate must be applied to the hours spent on research, drafting and other preparation.").  This is not to say that Mr. Puth should not have engaged in drafting, editing, or reviewing the motion at all.  "It is standard practice to have a more senior attorney review and make changes to the work of a more junior attorney, and it is not uncommon for a junior attorney to review, conduct additional research related to, and edit the work of more senior attorneys."  *O'Well Novelty Co. v. Offenbacher Inc.*, No. DKC 97-2095, 1999 WL 813964, at *10 (D. Md. June 4, 1999), *aff'd,* 225 F.3d 655 (4th Cir. 2000).  However, in this situation such extensive review of Mr. Adelman's work does not seem to be necessary when—by the Court's own observations during the hearing—Mr. Adelman clearly had a mastery of the issues raised.  Finally, Defendants' argument that Mr. Puth's time entries listing multiple tasks for the same time period constitute impermissible block billing paints too broad a stroke.  "In general, courts have permitted parties seeking attorneys' fees to use block billing, at least where the entries are reasonably descriptive

and the tasks all pertain to the case or claims for which attorneys' fees are sought." *Maryland Elec. Indus. Health Fund v. MESCO, Inc.*, Civ. A. No. ELH-12-505, 2014 WL 4660813, at *6 (D. Md. Sept. 16, 2014) (listing cases); *see also Rossum v. Baltimore Cty., Maryland*, No. GJH-14-0115, 2017 WL 4270435, at *3 (D. Md. Sept. 26, 2017) ("Block billing would only be inappropriate if one or more tasks performed by an individual attorney was not recoverable such that the Court could not discern the actual time charged for recoverable tasks."). The challenged entries are for hours Mr. Puth billed for conducting research and reviewing and revising motions. Defs.' Opp'n 4-5. Both of those tasks are things courts generally award when calculating attorneys' fees. However, as previously noted, these are tasks generally delegated to more junior attorneys.

In light of the aforementioned reasons, the Court holds that the 10.4 hours spent by Mr. Puth researching, reviewing, and editing the First Motion for Sanctions and reply should be reduced by 25%, bringing them to a total of 7.8. This will result in a reduction of $1,235.00 (2.6 hours x $475.00). However, Plaintiff will be able to recover for the 0.60 hours Mr. Puth billed for the conference that took place between himself and Mr. Adelman on January 30, 2018. This amount was properly requested in accordance with the Local Rules as only one attorney's time is being requested and at the rate of the more senior attorney. Loc. R., App. B 2(d) (stating that fees may be awarded for "client, third party, and intra office conferences, although if only one lawyer is being compensated the time may be charged at the rate of the more senior lawyer").

### b.  Plaintiff's Second Motion for Sanctions

Turning to Plaintiff's Second Motion for Sanctions, the Court agrees that the number of hours billed by both attorneys is unreasonable.  In total, Mr. Puth billed 14.6 hours[6] and Mr. Adelman 36.0 hours (at an attorney rate)[7] over the course of seven (7) months.  During oral arguments, the Court noted the untimely nature of Plaintiff's Second Motion for Sanctions and reduced the amount of fees Plaintiff would be able to recover by fifty percent.  At that time, Plaintiff's counsel made representations that their firm moved offices and that it was for this reason that Plaintiff's Second Motion for Sanctions was delayed.  Hearing Tr. 80:2-81:14.  However, this explanation does not support why twice the amount of time was expended on the motion.  The Court notes that while the Second Motion for Sanctions includes significantly more case law and analysis than the First Motion, the central issue for both motions is the same— namely requesting sanctions for a party's failure to comply with a court's discovery order pursuant to Federal Rule of Civil Procedure 37.  Additionally, for the same reasons outlined above concerning Plaintiff's First Motion for Sanctions, Mr. Puth's time spent researching should have been conducted by Mr. Adelman and further Mr. Puth need not have spent nearly as much time reviewing Mr. Adelman's work.

---

[6] While Plaintiff claims 14.8 hours were expended by Mr. Puth on Plaintiff's Second Motion for Sanctions, the Court was only able to account for 14.6 hours based on the information included in Plaintiff's exhibits.  This includes 14.2 hours spent researching, revising, and editing the Second Motion as well as 0.4 hours spent conferencing with co-counsel.

[7] While Plaintiff claims 36.2 hours were expended by Mr. Adelman on Plaintiff's Second Motion for Sanctions, the Court is only considering 36.0 hours in this section.  This includes 35.8 hours spent researching, drafting, revising, and editing the motion as well as 0.2 hours spent on an email updating co-counsel concerning the "strategy' for the motion.  As discussed below, Defendants challenged 0.2 hours billed by Mr. Adelman at his attorney rate and claimed that the tasks are "clerical in nature" and should therefore not be compensated at all.  Accordingly, the Court will consider that contested 0.2 hours along with the rest of the hours charged at the paralegal rate.

In light of the aforementioned reasons, the Court holds that the 14.2 hours spent by Mr. Puth researching, revising, and editing the Second Motion for Sanctions and reply should be reduced by 25%, bringing them to a total of 10.65 hours. This will result in a reduction of $1,686.25 (3.55 hours x $475.00). Similarly, the Court will reduce the 35.8 hours Mr. Adelman spent researching, drafting, revising and editing the Second Motion for Sanctions by 25%, bring them to a total of 26.85 hours. This will result in a reduction of $2,013.75 (8.95 hours x $225.00). However, Plaintiff will be able to recover for the 0.4 hours Mr. Puth billed for the conference that took place between himself and Mr. Adelman on June 26, 2018 and August 22, 2018. Similarly, Plaintiff may recover for the 0.2 hours Mr. Adelman spent on February 26, 2018, drafting an email to Mr. Puth updating him on the strategy for the Second Motion for Sanctions. These amounts were properly requested in accordance with the Local Rules as only one attorney's time is being requested and at the rate of the more senior attorney completing the task. Loc. R., App. B 2(d).

### 2. Hours Expended on Document Review

Plaintiff states her attorneys expended 15.2 hours reviewing "newly-produced" documents that Defendants turned over in response to this Court's Order to Compel that they were required to review "during the time frame [of] January 18 [to] January 26, 2018 while depositions in Los Angeles were getting underway . . . ." Puth Aff. ¶¶ 21, 26. Of those hours, 8.6 hours were completed by Mr. Adelman and 6.6 were completed by Mr. Puth. *Id.* Plaintiff's requested hours were reduced by half per this Court's order. *Id.* In their opposition, Defendants argue that the review of the documents should have been completed primarily by Mr. Adelman, the less senior attorney and the one with the lower hourly rate. Defs.' Opp'n 6. Accordingly, Defendant argues the fees should be further reduced by half. *Id.*

The Court does not agree with Defendants. While under normal circumstances document reviews are generally done by more junior associates and even summer associates in some firms, it was Defendants' actions—or rather their inaction in complying with this Court's Order to Compel—that forced Plaintiff to review over 4,000 documents in the middle of preparing for and conducting depositions of key witnesses in a city clear across the country from their firm. In light of these circumstances, the Court finds Mr. Puth's involvement with the document review as well as the number of hours expended by Plaintiff's counsel on this task overall to be reasonable. Further, the Court has already reduced the number of hours Plaintiff may recover for this document review due to Plaintiff's delay in filing her second motion. Accordingly, the Court is not persuaded that further reduction is warranted.

### 3. Hours Expended by Mr. Adelman at a Paralegal Rate

Defendants argue that Plaintiff should not be awarded fees billed by a junior associate at a paralegal's rate where the tasks completed are "clerical or administrative" in nature. Defs.' Opp'n 7-8. Specifically, Defendants contest the following entries attributed to Mr. Adelman, which Defendants state were billed at the paralegal rate or concerned tasks that would fall into the clerical or administrative category:

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 1/2/2918 | AMA | File electronically Plaintiff's motion for sanctions | 0.30 |
| 2/1/2018 | AMA | Compile and organize exhibits for reply to motion for sanctions | 0.10 |
| 2/1/2018 | AMA | Finalize and file reply to motion for sanctions | 0.20 |
| 2/1/2018 | AMA | File sealed exhibits to reply to motion for sanctions | 0.10 |
| 2/1/2018 | AMA | Draft certificate of service for sealed exhibits; draft email to Defs' counsel re exhibits filed under seal | 0.10 |
| 2/1/2018 | AMA | Prepare courtesy copy of reply to motion for sanctions and exhibits filed under seal | 0.30 |
| 7/26/2018 | AMA | Prepare and finalize exhibits for second motion for sanctions | 1.40 |
| 7/26/2018 | AMA | Review and revise proposed order; finalize same | 0.10 |
| 7/26/2018 | AMA | Draft certificate of service of sealed exhibits | 0.10 |
| 7/27/2018 | AMA | File motion for sanctions and file exhibits under seal | 0.40 |
| 8/24/2018 | AMA | Electronically file reply to plaintiff's second motion for sanctions | 0.10 |
| | | **Total Hours:** | **3.20** |

*Id.* Defendants assert that because clerical work is not compensable as attorneys' fees, Plaintiff's award should be reduced by $480.00 (3.2 hours x $150.00). *Id.*

Case law makes clear that "clerical work" should not be compensated as an award for attorney's fees. "Fees for work performed by paralegals are generally recoverable, but only 'to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client.'" *Kabore*, 2012 WL 5077636, at *4 (quoting *Hyatt v. Barnhart*, 315 F.3d 239 (4th Cir. 2002)) (concluding time spent "scanning and processing settlement checks" and "creating labels and stuffing envelopes" is not compensable as these tasks are clerical and/or administrative in nature); *see, e.g.*, *In re Beenblossom*, No. BK10-40335-TJM, 2010 WL 2710417, at *4 (Bankr. D. Neb. July 7, 2010) (concluding that activities such as "[f]ile setup, scanning, setting up appointments" are clerical and, therefore, not billable).

It stands to reason that hours billed by an attorney completing clerical work would also not be recoverable even if they were billed at a lower paralegal rate. However, the burden remains with the requesting party to ensure that it provides sufficient information to support its request. Where the description is ambiguous as to whether the task is clerical or legal in nature, courts have declined to award fees for those hours. *See, e.g.*, *Kabore*, 2012 WL 5077636, at *4 (declining to award fees for hours spent "prepar[ing] for mailing to 425 opt-ins" as it was "not immediately apparent what this 'preparation' entailed").

Here, Plaintiff admits that she seeks to recover for Mr. Adelman's work completing various tasks but billed at the lower paralegal rate. *See* Puth Aff. ¶¶ 22, 24. These tasks include: compiling and organizing exhibits, electronically filing motion papers, and drafting certificates of service.[8] *Id.* While Mr. Adelman is undoubtedly an attorney, his law degree does not in and of itself support the argument that these are "tasks traditionally performed by an attorney" or that they are not clerical or administrative in nature. The litmus test is not the title of the individual completing the task; rather it is the nature of the task itself. On the other hand, simply because an attorney bills for tasks he completes at a paralegal rate does bar him from recovering for those tasks if they are indeed legal in nature. In this Court's opinion, this as an exercise of prudent billing practices to be encouraged in a profession frequently accused of padding its invoices to meet a bottom line.

After reviewing the time entries in question, the Court agrees with Defendants that the following tasks are clerical or administrative in nature and are therefore not compensable: 2/1/2018 – "Compil[ing] and organiz[ing] exhibits for reply to motion for sanctions" and

---

[8] Plaintiff's counsel only admit to billing for Mr. Adelman's time at the paralegal's rate for 3.0 hours. Puth Aff. ¶¶ 22, 24. Defendants claim to have identified an additional 0.2 hours devoted to clerical tasks that they request the Court eliminate. Defs.' Opp'n 7 n.2.

"[p]repar[ing] courtesy copy of reply to motion for sanctions and exhibits filed under seal";

7/26/2018 – "Prepar[ing] and finaliz[ing] exhibits for second motion for sanctions."

Accordingly, the Court agrees that Plaintiff's requested amount should be reduced by 1.80 hours

of Mr. Adelman's time at the paralegal rate. Further, the Court also finds the filing of motions

and replies to be clerical in nature. *See Barnett v. Colvin*, No. CIV. JKB-14-2588, 2015 WL

1736796, at *2 (D. Md. Apr. 15, 2015) (recommending that "e-filing documents be disallowed as

clerical work"). Accordingly, the Court agrees that Plaintiff's requested amount should be

reduced by 0.90 hours of Mr. Adelman's time at the paralegal rate. Additionally, Plaintiff's

February 1st entry stating that Mr. Adelman "[f]inalize[d]" the reply (presumably to Plaintiff's

First Motion for Sanctions) is not clearly clerical nor legal in nature. However, Plaintiff provides

no other justification for this requested amount. As it is Plaintiff's burden to support her request,

the Court finds that she did not meet that burden with regard to this contested task and

accordingly will not award fees for the full entry, which comes to a total of 0.20 hours. In light

of the aforementioned, Plaintiff's award for fees will be reduced by a total of $652.50 (2.90

hours x $150.00) from what was requested. In contrast, the Court finds that drafting certificates

of service, emails to opposing counsel, and reviewing and revising proposed orders are tasks that

are legal in nature. Therefore, the Court will award Plaintiff fees for 0.30 hours out of the 3.20

hours that were contested by Defendants.[9]

### 4. Hours Expended on Travel

Plaintiff claims 1.50 hours for Mr. Puth's travel time to and from this Court for the

hearing held on September 13, 2018. Puth Aff. ¶ 25; Pl.'s Req. Hours 11. Defendants argue that

---

[9] Plaintiff only calculated 3.0 hours at the paralegal rate and the Court found the additional tasks identified by Defendants' to be legal in nature (specifically reviewing an order and drafting a certificate of service). Defendants have offered no argument for why these additional hours should be billed at the paralegal rate. Therefore the Court will credit 0.1 hours at the paralegal rate and 0.2 hours at Mr. Adelman's regular rate.

this travel time was improperly block billed with time spent "strategizing" with Mr. Adelman. Defs.' Opp'n 8. Accordingly, Defendants argue Plaintiff's recovery for this time should be reduced by 20% (0.30 hours). *Id.*

As previously discussed, "[b]lock billing would only be inappropriate if one or more tasks performed by an individual attorney was not recoverable such that the Court could not discern the actual time charged for recoverable tasks." *Rossum*, 2017 WL 4270435, at *3. The Local Rules state that "[u]p to two (2) hours of travel time (each way and each day) to and from a court appearance, deposition, witness interview, or similar proceeding that cannot be devoted to substantive work may be charged at the lawyer's hourly rate." Loc. R., App. B 2(e)(ii). Additionally, the Local Rules permit compensation for time spent conducting "client, third party, and intra office conferences, although if only one lawyer is being compensated the time may be charged at the rate of the more senior lawyer." *Id.* at 2(d).

Here, the time entries in question state that Mr. Puth was traveling to and from this Court and "conference[ing]" with Mr. Adelman during that same time period. Pl.'s Req. Hours 11. The total amount of contested time entries does not exceed two hours. *See Kabore*, 2012 WL 5077636, at *5 ("None of the challenged entries bill for two hours or more of travel time, and the Court assumes that the mode of transportation made it impossible for [Counsel] to perform substantive legal work."). Further, Plaintiffs request comports with the Local Rules as Plaintiff only seeks to recover for Mr. Puth's time and Mr. Puth is the senior attorney on the case. Puth Aff. ¶ 25. Therefore, the concept of block billing asserted by Defendants is not applicable as Plaintiff may recover fees for hours spent both on travel and conferencing with co-counsel. *See Rossum*, 2017 WL 4270435, at *3. Accordingly, the Court will not reduce Plaintiff's award by the 0.3 hours requested by Defendants.

In light of the aforementioned, Plaintiff's requests for fees is modified to the following:

| Sanction | Timekeeper | Hourly Rate | Hours | Multiplier | Total |
|---|---|---|---|---|---|
| Fees to prompt responses to J. Day's Order, after 11/25/17 | JCP | 475 | 0.40 | 1 | $190.00 |
| | AMA | 225 | 0.70 | 1 | $157.70 |
| 1/18/18-1/26/18 review of new discovery | JCP | 475 | 6.60 | 0.5 | $1,567.50 |
| | AMA | 225 | 8.60 | 0.5 | $967.50 |
| Plaintiff's 1st Motion for Sanctions | JCP | 475 | **8.40** | 1 | **$3,990.00** |
| | AMA | 225 | 13.80 | 1 | $3,105.00 |
| | Paralegal | 150 | **0.0** | 1 | **$0.00** |
| Maria Druse Deposition | JCP | 475 | 14.00 | 0.5 | $3,325.00 |
| | AMA | 225 | 1.00 | 0.5 | $112.50 |
| Plaintiff's 2nd Motion for Sanctions | JCP | 475 | **11.05** | 1 | **$5,248.75** |
| | AMA | 225 | **27.15** | 1 | **$6,108.75** |
| | Paralegal | 150 | **0.10** | 1 | **$15.00** |
| Court Hearing | JCP | 475 | 9.60 | 1 | $4,560.00 |
| | AMA | 225 | 3.60 | 1 | $810.00 |
| **Total** | | | 105.00 | | **$30,157.50** |

## B.    Costs

Plaintiff seeks to recover costs in the amount of $2,173.00. Puth Aff. ¶ 27. This includes costs for delivering Plaintiff's two motions for sanctions and costs relating to Dr. Barnett's deposition and Ms. Druse's deposition reduced by half. *Id.* Additionally, among the expenses are those related to the failed service attempt on Mr. Lofton, totaling $500.00. *Id.*

During the hearing on September 13, 2018, this Court indicated that Plaintiff would be entitled to recover reasonable costs relating to this service attempt unless Defendants submitted evidence showing when they became aware of Mr. Lofton's new address and when that information was communicated to Plaintiff. Hearing Tr. 82:12-83:7. Accordingly, Defendants have submitted a declaration by John B. Flood along with their opposition to Plaintiff's request for fees. *See* Decl. of John B. Flood ("Flood Decl."), Oct. 5, 2018, ECF No. 145-1 Ex. 1. In his declaration, Mr. Flood states that he is counsel for Defendants. *Id.* at ¶ 1. Mr. Flood attests that he sent Plaintiff's counsel an email on or around January 8, 2018, with Mr. Lofton's address in

California and phone number. *Id.* at ¶¶ 5, 8. Mr. Flood states that at the time he believed this was the correct contact information for Mr. Lofton. *Id.* at ¶ 8. Mr. Flood also stated he attempted to reach Mr. Lofton on his own but "was not able to connect." *Id.* at ¶ 7. On or around January 18, 2018, Mr. Flood stated he spoke with Mr. Lofton by phone. *Id.* at ¶ 9. Mr. Flood attests that he immediately sent Plaintiff's counsel an email informing them that Mr. Lofton had moved to Huston, Texas, and that Mr. Lofton had given him permission to accept service on Mr. Lofton's behalf. *Id.*

Plaintiff has offered no submission or argument refuting this timeline of events. The Court therefore finds that Defendants did not withhold information concerning Mr. Lofton's location such that it resulted in Plaintiff incurring unnecessary costs attempting to serve Mr. Lofton at the California address. Accordingly, Plaintiff may not recover costs associated with her failed service attempt on Mr. Lofton.

Defendants raised no other objections to the costs claimed by Plaintiff. The Court has reviewed Plaintiff's submissions and finds them to be reasonable and in line with the Court's ruling. Therefore, the total amount of costs Plaintiff may recover is $1,673.00.

## V.    Conclusion

In light of the foregoing reasons, Plaintiff will be awarded attorneys' fees in the amount of $30,157.50 and costs in the amount of $1,673.00.


May 14, 2019                                   _____/s/_____
                                               Charles B. Day
                                               United States Magistrate Judge


CBD/clc